## CIRCUIT COURT OF NELSON COUNTY

In re Estate of
Goldie Wilson Tomlin, Sr.

September 17, 1992

By Judge J. Michael Gamble

William S. Tomlin, through his counsel, filed numerous exceptions to the report of the Commissioner of Accounts. However, at the hearing in this matter, the only exceptions which were pursued were the exceptions related to the commissions charged by the executor and the trustee and the attorney's fees paid the attorney for the executor.

After considering the testimony and exhibits presented on September 15, 1992, and after reviewing the authorities submitted by the parties, I deny the exceptions to the confirmation of the accountings filed by the executor and trustee and affirm the actions of the Commissioner of Accounts of Nelson County in all respects.

I will briefly address below the reasons for sustaining the confirmation of the accountings by the Commissioner of Accounts. In making my rulings, I am mindful that the settlements by the Commissioner of Accounts are presumed to be correct. *Grandy v. Grandy*, 177 Va. 601, 604, 15 S.E.2d 547 (1946).

### Attorney's Fee

William S. Tomlin complains that the attorney's fees charged by Mr. Yount as attorney for the executor are in excess due to his belief that the actions of the executor in failing to keep and file the appropriate accounts required additional legal work. After having considered the evidence, however, the Court finds that the estate required an unusual amount of work. Additionally, the children of the decedent made extensive demands on the executor and her attorney to

furnish information concerning the estate. The attorney for the executor, Mr. Yount, went to great lengths to satisfy the children of the decedent and to document all filings with the Commissioner of Accounts. Section 26–30 allows the fiduciary to charge reasonable expenses, including legal fees. Further, the approval of attorney's fees is in the sound discretion of the Court. *Perrow v. Payne*, 203 Va. 17, 30, 121 S.E.2d 900 (1961).

## Commission of the Executor

The executor, Grace W. Tomlin, received a commission of five percent of the value of the estate. This commission was $9,395.71. This commission included a five percent commission on one-half of the sale proceeds of the home and antique shop located near Afton, Virginia. William S. Tomlin asserts that this commission is excessive. He alleges that the executor did not keep and file proper accounts. He further argues that the executor should not claim a five percent commission on the sale of the real estate and certain of the personal property when a real estate agent and auctioneer, respectively, were utilized to sell these assets and charged a commission.

In Virginia a commission of five percent upon estate receipts has generally been used as a general reference. *Grandy v. Grandy, id.* at 177 Va. 604. Further, where the executor has the power to sell property, the executor is generally entitled to a commission of five percent on the sale proceeds or five percent of the value if the property is distributed in kind. *Virginia Trust Company v. Evans*, 193 Va. 423, 432, 69 S.E.2d 409 (1952). The Court, however, does have the inherent right to increase or reduce the amount of the commission according to the particular circumstances. *Perrow v. Payne*, 203 Va. 17, 24, 121 S.E.2d 900 (1961).

In the instant case, the executor had to dispose of hundreds of items of antiques, some of which were valuable, which she and the estate owned equally as tenants in common. The executor had to use her expertise to obtain a fair market price for this property. Additionally, she was able to sell without the assistance of a real estate broker the antique shop for $72,000.00 when it had been purchased for $4,500.00 approximately four years earlier. She did use a real estate broker to sell the home. However, this was the type of real estate that had an intrinsic value which would require the services of a real estate broker. Further, the property was sold for twice the amount for which the executor and the decedent paid for the property

approximately four years earlier. Therefore, in this case, the executor properly utilized the services of a real estate broker to obtain an excellent price for the real estate, and the commission charged for the services of the broker was not detrimental to the estate. Accordingly, the commission is an appropriate expense to be allowed to the fiduciary under § 26–30 of the Code of Virginia.

In summary, the Court finds that the executor used very good judgment in liquidating the assets of the estate and obtained a very good price. Accordingly, she has earned the commission which was approved by the Commissioner of Accounts.

### Commission of the Trustee

The will of Goldie Wilson Tomlin provided that in the event that Grace Tomlin, his wife, survived, the assets of the estate would pour over into a trust from which she would receive all of the income during her life. Joseph B. Yount, III, an attorney experienced in estate matters and the attorney for the decedent before his death, was appointed trustee. Mr. Yount took a commission of five percent of the value of the assets coming into the trust. William S. Tomlin asserts that this is excessive because the commission was taken at the time that the proceeds were received, rather than after a period of time when the trust had been administered. He also argued that the beneficiary could outlive the trustee, and the trustee would have received a commission and not completed his services under the trust.

The evidence shows that the trustee qualified on January 13, 1989. The accountings indicate that the trustee has been administering assets of the trust from 1989 to the present and has filed two accountings. Therefore, the issue of whether the trustee has acted on the trust is moot. The trustee has performed his duties under the trust and is continuing to do so in a competent manner.

The cases clearly hold that a fiduciary is generally entitled to a commission of five percent of the assets coming into his administration where the fiduciary has a power of sale. In the instant case, Mr. Yount is entitled to such commission. The actions of the Commissioner of Accounts are clearly correct.

### Attorney's Fee in the Instant Proceedings

Because the executor, Grace Tomlin (Calhoun), has prevailed in this mater, her attorney's fee should be awarded. Accordingly, the Court awards $2,500.00 for services of Mr. Farrar on her behalf as

executor of the estate, and $1,000.00 to Mr. Blodinger for his services to her individually.

A more difficult issue arises with respect to award of attorney's fees for William S. Tomlin. The real issue is whether contesting the accounts of the executor were in the interest of the estate. Due to the complexity of the estate, the fact that Mr. Tomlin was able to identify some deficiencies in the initial accounting, and the relationship of Mr. Tomlin to Mrs. Tomlin (Calhoun), the Court believes that his actions in contesting and reviewing the accounting were beneficial to the estate. Accordingly, attorney's fees in the amount of $2,500.00 are awarded to his attorney.

The trustee is directed to pay these attorney fee requests out of the trust.

Additionally, the Court noted that Sam D. Eggleston, Jr., the Commissioner of Accounts, was present in Court during most of the proceedings. The Court believes Mr. Eggleston has earned an additional fee by virtue of making himself available for these proceedings. Therefore, Mr. Eggleston is entitled to submit a statement for his time to Mr. Yount, the trustee. The trustee is directed to reimburse Mr. Eggleston for his reasonable time expended in attending the hearing in the above matter on September 15, 1992.